900 F.2d 254
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, Petitioner,
v.
Charles STUMP; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 89-1744.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 9, 1990.
Decided: March 29, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (BRB Nos. 86-223, 86-223A)
 Mary W. Adelman, Seyfarth, Shaw, Fairweather & Geraldson, Washington, D.C., for petitioner.
 Robert Elliott Walsh, Norfolk, Va.; John Jeffrey Ross, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent.
 Robert P. Davis, Solicitor of Labor, Carol A. De Deo, Associate Solicitor, J. Michael O'Neill, Counsel for Longshore, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Charles Stump, an employee of Newport News Shipbuilding & Dry Dock Company, applied for permanent total disability benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 908(a), after injuring his knee while picking up a pipe hanger on the job. An ALJ found that Stump could not return to his job as a pipefitter, but concluded that he suffered from a permanent partial rather than a permanent total disability because Newport News demonstrated the availability of suitable alternate employment. In addition, the ALJ denied Newport News relief under section 8(f) of the Act, 33 U.S.C. Sec. 908(f), which relieves employers from full compensation liability when the consequences of an employee's work-related injury are exacerbated by the employee's pre-existing permanent partial disability.
 
 
 2
 The Benefits Review Board affirmed the ALJ's Sec. 8(f) ruling but reversed its finding of partial as opposed to total disability. The Board ruled that the ALJ's finding that Newport News had established the existence of suitable alternative employment for Stump was not supported by the record. The Board concluded that because Newport News had not carried its burden of showing available alternative employment, Stump was entitled to an award of permanent total disability.
 
 
 3
 Newport News appeals from the Board's award of permanent disability and from its ruling on Sec. 8(f). After carefully reviewing the briefs and hearing oral argument, we affirm the decision of the Board for the reasons stated in its opinion. Stump v. Newport News Shipbuilding & Dry Dock Co., BRB Nos. 86-223, 86-223A (March 31, 1989).
 
 AFFIRMED